Filed 3/25/13  In re Thomas S. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re THOMAS S., a Person Coming Under the Juvenile Court Law. | B241730<br>(Los Angeles County<br>Super. Ct. No. VJ41687) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS S.,<br><br>    Defendant and Appellant. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Fumiko Hachiya Wasserman, Judge.  Affirmed with directions.

        Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General and Stephanie C. Santoro, Deputy Attorney General, for Plaintiff and Respondent.

_____

A petition charged 14-year-old Thomas S. with vandalism over $400 to a 2010 Honda Civic, license plate number 6LMY945, in violation of Penal Code[1] section 594, subdivision (a) (count 1). At the adjudication hearing, Javier G. testified that on May 31, 2011 at 1:35 p.m., he was leaving Granada Middle School with Thomas S. and Adrian J. Thomas S. kicked the side of a red Civic as they walked by the car. The next day, Thomas S. sat on the hood of the Civic, banging the hood with his fist so that the alarm went off. Javier G. had told the principal that Thomas S. fell on the right front fender of the Civic, and told a detective that Adrian J. pushed Thomas S. into the car after Thomas S. told him to. Asked, "Going back to what you remember from what happened May 31, did you see any damage to the vehicle after that day?" Javier G. responded that he saw "[l]ike a dent in the side, like, the rear, like, the car door passenger side." Asked whether he saw "any damage on the vehicle on the day that [he] said Thomas sat on the car," Javier G. responded, "Yes. [¶] . . . [¶] On the hood." Asked, "From him just sitting on the vehicle?," Javier G. responded: "And banging his fist."

A deputy sheriff testified that when he went to the middle school on May 31, 2011, he saw damage to the Civic's driver side door, the right front quarter panel, and the hood, including some damage to the right front fender.

The parties stipulated: "[O]n or about May 31, 2011[,] Donna . . . Smith . . . was a registered owner of a Honda Civic license pla[t]e [number] 6LMY945[.] Donna Smith did not give anyone permission to touch her vehicle. Donna Smith did not damage her own vehicle on or about May 31, 2011. Exhibit no. 1 for identification is a fair and accurate depiction of the damage done to her vehicle. The total cost of damages to her car is [$]1,325.26."

Sergio C. testified for the defense that he was walking with the others on May 31, 2011, and saw Adrian J. push Thomas S. into the car, and then Adrian J. kicked the door. Thomas S. asked Adrian J. to push him into the car.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The defense argued: "While there is damage, the cause [sic] not clear how it got there and who did it." The prosecution argued that even given some discrepancies, credible testimony showed that Thomas S. maliciously damaged the Civic.

The trial judge found the prosecution witnesses credible and sustained the petition, declaring: "Based on the amount of damage, I am not reducing this to a misdemeanor." The judge found Thomas S. to be a person described by Welfare and Institutions Code section 602 and a ward of the court, ordered Thomas S. placed at home on probation and, among other terms, ordered $100 in restitution. Thomas S. filed a timely notice of appeal.

We appointed counsel to represent Thomas S. on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On September 25, 2012, we advised Thomas S. he had 30 days within which to personally submit any contentions or issues he wished us to consider. We received no response.

Following our review of the record, we requested additional briefing from both parties on this question: "Is there substantial evidence in the record that the damage to the Honda Civic (as reflected on the preliminary damage estimate in the record) was caused by Thomas S. rather than some other cause? [¶] If so, is there substantial evidence in the record that Thomas S. caused $400 or more of the damage reflected on the preliminary damage estimate?" The parties filed letter briefs in response. Thomas S. argued that the evidence was insufficient to show that he caused any damage to the car.

Our role in determining the sufficiency of the evidence is limited. We review "'the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and or solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.'" (*People v. Tafoya* (2007) 42 Cal.4th 147, 170.) We do not reweigh the evidence or redetermine the credibility of the witnesses (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), and "[w]e draw all reasonable inferences in support of the judgment" (*People v. Wader* (1993) 5 Cal.4th 610, 640). "If the circumstances reasonably justify the [finder of fact's] findings,

3

reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding. [Citations.] The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt. [Citation.]" (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)

We first address whether there is substantial evidence that Thomas S. caused any damage to the car. Javier G. testified that from what he remembered about what happened on May 31, he saw damage to the vehicle afterwards ("a dent in the side, like, the rear, like the car door passenger side"). Javier G. also testified that on the next day, when Thomas S. sat on the car, he saw damage "on the hood," from Thomas S. sitting on the vehicle and banging his fist.

"[T]he evidence of a single witness is sufficient for proof of any fact. [Citations.]" (*In re Gustavo M.* (1989) 214 Cal.App.3d 1485, 1497.) Javier G.'s testimony is substantial evidence that Thomas S. caused damage to the side of the Civic on May 31 and to the hood the following day. Although the deputy sheriff testified that he saw damage to the hood on May 31, not the day after when Javier G. testified that Thomas S. caused the hood damage, this conflicting evidence regards only a portion of the damage, and in any event does not change our conclusion. "'The test . . . is not whether there is substantial conflict, but rather whether there is *substantial evidence in favor of the respondent.* If this "substantial" evidence is present, no matter how slight it may appear in comparison with the contradictory evidence, the judgment will be affirmed.'" (*Ibid.*) Substantial evidence supports the finding that Thomas S. caused damage to the Civic.

We reach a different conclusion as to the sufficiency of the evidence regarding the monetary amount of damage caused by Thomas S. "The offense of vandalism . . . can be either a felony or misdemeanor depending on the value of property at issue." (*In re Arthur V.* (2008) 166 Cal.App.4th 61, 68.) Section 594, subdivision (b)(1) defines felony vandalism as defacement, damage, or destruction in an amount of $400 or more. Conversely, defacement, damage, or destruction of property in an amount less than $400 is a misdemeanor. (§ 594, subd. (b)(2)(A).)

4

The evidence of the amount of damage to the Civic consisted of a stipulation stating:  "Donna Smith did not damage her own vehicle on or about May 31, 2011. Exhibit no. 1 for identification is a fair and accurate depiction of the damage done to her vehicle.  The total cost of damages to [the] car is [$]1,325.26."  Exhibit 1 is a preliminary estimate (following an insurance inspection) of the costs of materials and labor to repair the Civic.  The exhibit gives the date of loss as May 31, 2011, and bears a fax date of June 22, 2011.  The estimate lists multiple descriptions of damage to the Civic including the right fender, front bumper, front door, roof trim and molding, and hood.  Including sales tax, the total cost of the damages listed was $1,443.83.

The stipulation and the repair estimate in exhibit 2 do not constitute evidence that more than $400 of damage was caused by Thomas S. on May 31, 2011 and the following day.  Nowhere in the stipulation is there a statement that exhibit 2 does not include descriptions of damage to the Civic that predated May 31, 2011.  It would have been a simple matter to include in the stipulation a statement that the Civic was undamaged before May 31.  Although respondent urges us to infer that the defense and the prosecution intended that the damage described by the stipulation refer only to the damage resulting from the vandalism, defense counsel objected at the adjudication (after the entry of the stipulation):  "While there is damage, the cause [sic] not clear how it got there and who did it."  We will not infer an intent by the defense to stipulate to a fact where the transcript shows that the defense disputed that fact.

As there is no substantial evidence in the record to support the conclusion that Thomas S.'s vandalism of the Civic caused damage of over $400, a reasonable factfinder could not have found that element of felony vandalism beyond a reasonable doubt.  The true finding on count 1 must be reduced to misdemeanor vandalism under section 594, subdivision (b)(2)(A).

## DISPOSITION

The true finding of vandalism is reduced from a felony to a misdemeanor. As so modified, the judgment is affirmed. The case is remanded to the trial court to resentence Thomas S.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

MALLANO, P. J.

CHANEY, J.